IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON P. JONES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:18-CV-1738-N |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management. Before the Court for recommendation is *Defendant's Motion to Dismiss*, filed July 9, 2018 (doc. 6). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

On June 11, 2018, Jason P. Jones (Plaintiff) filed this lawsuit against Robert Whitaker (Nurse), a registered nurse at the Dallas Veterans Affairs Hospital (the Hospital), in the Justice of the Peace Court, Precinct 3, Place 1, of Dallas County, Texas, alleging that Nurse did not provide him with proper treatment when he visited the Hospital. (doc. 1-3 at 2.)[1] He is "suing for irreparable damages[,] pain and suffering[, and] a debilitating mental health condition" based on Nurse's treatment. (*Id*.) He appears to seek $10,000 in damages, as well as attorney's fees, court costs, and pre-judgment and post-judgment interest. (*Id*.)

Plaintiff alleges that on July 30, 2016, he was drugged and sexually assaulted by multiple

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

people at the Lizard Lounge Night Club. (*Id*.) On August 1, 2016, he went to the emergency room at the Hospital for a rape/sexual assault exam based. (*Id*.) He was seen only by Nurse who informed him that they did not conduct rape/sexual assault exams there. (*Id*.) Plaintiff alleges that Nurse did not allow him "to see an [emergency room] doctor, and lied and said they [do not] do them there." (*Id*.) Nurse arranged for Plaintiff to be transferred to another hospital for a sexual assault exam, and he was transferred "in the back of a police car to Methodist Dallas for a rape [exam]." (*Id*.) Plaintiff claims that his alleged injuries resulted from the "illegal transfer" and Nurse "not performing the [exam] at the [Hospital]." (*Id*.)

On July 3, 2018, the Defendant removed this action to federal court. (doc. 1 at 1-2.) Included with the notice of removal was a certification by the United States Attorney for the Northern District of Texas that Nurse was a federal employee acting within the scope of his federal employment at the time of the incidents giving rise to this action. (doc. 1-1 at 1.) The notice of removal also stated that the effect of the certification was to automatically substitute the United States of America (Defendant) as the proper party defendant under 28 U.S.C. § 2679(d)(2). (See doc. 1 at 2.) Defendant subsequently moved to dismiss this action for lack of subject matter jurisdiction on July 9, 2018. (doc. 6.) Plaintiff did not respond, and this motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss this action under Rule 12(b)(1) for lack of subject matter jurisdiction. (doc. 6.)

**A.      Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges

a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A dismissal under Rule 12(b)(1) "is not a determination of the merits," however, and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*

If the defendant supports the motion with evidence, however, then the attack is "factual" and

3

"no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, because the Rule 12(b)(1) motion to dismiss relies only on Plaintiff's original state court petition, it presents a facial attack that does not require resolution of matters outside the pleadings. *See Bridgewater v. Double Diamond–Delaware, Inc.*, 3:09-CV-1758-B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

**B.     Federal Tort Claims Act**

Defendant argues that Plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA). (doc. 6 at 3-6.)[2]

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009).

---

[2] Although Plaintiff does not identify any specific causes of action, his claims may be liberally construed as arising under the FTCA because he seeks damages for alleged actions of a federal employee performed within the scope of his employment. (*See* doc. 1-3 at 1-2.)

4

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671–2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC*, 510 U.S. at 477–78.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2765(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) (per curiam).

Here, Plaintiff has not alleged or shown that he has met the jurisdictional prerequisite by exhausting administrative remedies in compliance with § 2675(a) by first presenting his claim to the

5

appropriate federal agency, or that this exhaustion requirement should be excused. Consequently, he has not met his burden of establishing federal jurisdiction over his tort claims, and they should be dismissed. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981); *see also Jackson v. United States*, No. 3:15-CV-3136-L-BH, 2016 WL 7443264, at *3 (N.D. Tex. Nov. 14, 2016) (dismissing FTCA claims for failure to exhaust administrative remedies).

### III. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and this action should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on this 31st day of December, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE